Marilyn Sue ROBERTS and Joyce L.
Wisdom, Plaintiffs–Appellants,

v.

BLOUNT MEMORIAL HOSPITAL,
Defendant–Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 31, 1997.

Permission to Appeal Denied by
Supreme Court Oct. 6, 1997.

J. Mikel Dixon, Knoxville, for Plaintiffs–Appellants.

Carl P. McDonald, Arthur B. Goddard, Maryville, for Defendant–Appellee.

### OPINION

McMURRAY, Judge.

This is an appeal from the judgment of the trial court sustaining motions for summary judgment filed on behalf of the Blount Memorial Hospital (defendant). In their complaint, the plaintiffs charged that a male nurse, Jody Maddry, sexually assaulted them while they were patients in the defendant hospital and seek damages on a theory of vicarious liability.[1] They further assert that the hospital was guilty of independent negligence in failing to adequately investigate Maddry's background before his employment by the defendant; failure to report the incident as required by law, medical malpractice and failure to follow their own internal poli-

1. Maddry is not a party to this appeal.

cies. The plaintiffs alleged further that the defendant had violated their civil rights.

The defendant filed a motion for summary judgment. The summary judgment was sustained as to all theories of recovery except the claim for violation of civil rights. The plaintiffs took a voluntary non-suit as to the civil rights action.

We affirm the judgment of the trial court in part and reverse in part.

The plaintiffs state the issue for review as follows:

1. Did the trial court err in granting the hospital's motion for summary judgment, dismissing the plaintiffs' claims on the grounds that there were no disputed issues of material fact?

2. Did the trial court err in refusing to compel discovery by the hospital of its relationship to other medical service companies and corporations?

3. Did the trial court err in imposing discovery sanctions against the plaintiffs for declining certain requests for admissions related to the governmental entity status of the hospital?

4. Did the trial court err in refusing to relieve the plaintiffs of the court costs below as indigent or poor persons?

### GOVERNMENTAL IMMUNITY

We will first address the question of whether the defendant hospital is a governmental entity as defined in the Governmental Tort Liability Act and entitled to the protection of the act. The hospital is a facility apparently wholly owned and operated by Blount County in participation with the City of Alcoa and the City of Maryville. It can be stated that Blount County, Alcoa and Maryville are governmental entities without further discussion. As to the hospital, the appellants claim that since the hospital is self-supporting and a profit making operation, it falls outside the Governmental Tort Liability Act. We find no merit whatever in this contention. The long-standing distinction between governmental and proprietary actions was abolished by express provisions of

the Governmental Tort Liability Act. The Tennessee Governmental Tort Liability Act is in derogation of the common law and therefore must be strictly construed. *Austin v. County of Shelby,* 640 S.W.2d 852 (Tenn. App.1982); *Lockhart by Lockhart v. Jackson–Madison County,* 793 S.W.2d 943, (Tenn.App.1990). We find nothing in the Governmental Tort Liability Act nor any other authority to support the position advanced by the plaintiff. Without question, the hospital is a governmental entity. Our finding on this issue is dispositive of any issue of vicarious liability on the part of the hospital under the undisputed facts of this case. Sexual assault is an intentional act. It is now well-settled that the Governmental Tort Liability Act has no application to intentional torts. The act is quite explicit in that it covers injuries caused by a "negligent act or omission," and *is intended to exclude intentional torts. See Jenkins v. Loudon County,* 736 S.W.2d 603 (Tenn.1987).[2] (Emphasis ours).

■ Having determined the status of the defendant as a governmental entity we will discuss the plaintiffs' issues relating to discovery and the propriety of the action of the trial judge in imposing discovery sanctions against the plaintiffs for failure to admit that the hospital was a governmental entity. The defendant pursuant to Rule 36.01, Tennessee Rules of Civil Procedure served requests for admission upon the plaintiff, asking among other things, that the plaintiffs admit that the defendant was a governmental entity as defined in the Governmental Tort Liability Act. To this request, the plaintiffs simply stated that *"plaintiff cannot admit that the hospital is a governmental entity and demands strict proof thereon."* (Emphasis ours). As a consequence of the plaintiffs' failure to admit the status of the defendant, the defendant was required to prove the fact sought by the request for admission.

Rule 36.01, T.R.C.P. provides in pertinent part as follows:

36.01 Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26.02. . . .

. . . The answer shall *specifically deny* the matter *or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.* A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that he or she has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.* A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37.03, deny the matter or set forth reasons why the party cannot admit or deny it. (Emphasis ours).

We first note that the plaintiffs' response to the request for admission does not meet the requirements of the rule above recited. The position of the plaintiffs seems to be that the court denied them an opportunity to make discovery of the hospital's relationship to other medical service companies and corporations and further that they offered to enter into a *non-agreed* order with the hospital's counsel declaring the hospital to be a governmental entity.

■ We find no merit in either of the plaintiffs' arguments. Firstly, it matters little, if any, what other corporations or entities with which the hospital has a relationship provided that the other corporations or entities have no involvement in the incident complained of here. In this case there is no allegation that other entities were involved in the incident in question. Further the entry

---

**2.** The plaintiffs concede in their response to the defendant's motion for summary judgment that existing law in this jurisdiction excludes intentional torts from causes of action that may be maintained under GTLA.

of a non-agreed order declaring the hospital to be a governmental entity would have been of no assistance to the defendant hospital. Even had the order been entered prudence would dictate that the hospital prove its status in order to protect its interests, especially on appeal. We are of the opinion that the imposition of sanctions was within the discretion of the court. On appeal, the exercise of discretion by a trial court in imposing sanctions will not be disturbed in the absence of an affirmative showing of abuse. *Brooks v. United Uniform Co.*, 682 S.W.2d 913 (Tenn. 1984). We find no abuse of discretion. We note that the amount of the sanctions is not challenged but only the imposition by the trial court is questioned.

■ We will next look to the issue relating to the failure of the court to order discovery. As we have noted above, it matters little, if any, what other corporations or entities with which the hospital has a relationship provided that the other corporations or entities have no involvement in the incident complained of or possess information relevant to the case under consideration. Clearly, assuming *arguendo,* that the defendant hospital did, in fact, have business relationships with other entities, that fact alone would not suffice to destroy the immunity enjoyed by the hospital under the Governmental Tort Liability Act. Further, we are of the opinion that the plaintiff failed to demonstrate that such discovery is within the purview of Rule 26.02(1) since no relevance to the case or claim under consideration has been shown.

It is well settled that decisions with regard to pre-trial discovery matters rest within the sound discretion of the trial court. The decision of the trial court in discovery matters will not be reversed on appeal unless a clear abuse of discretion is demonstrated. *Payne v. Ramsey*, 591 S.W.2d 434, 436 (Tenn.1979). *Benton v. Snyder*, 825 S.W.2d 409 (Tenn. 1992). We find no abuse of discretion, and the trial court's decision with regard to discovery is affirmed. We find no merit in the plaintiffs' issues enumerated 2 and 3 above.

We will next examine the propriety of the court's action in granting summary judg-ment. The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well-settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of T.R.C.P. 56 have been met. *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn.1991). T.R.C.P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. *Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn.1991). The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd v. Hall,* 847 S.W.2d at 210–11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. *Carvell v. Bottoms,* 900 S.W.2d 23 (Tenn.1995).

## THE ROBERTS CASE

■ Under the undisputed facts in the Roberts case, it seems clear that reasonable minds could reach only one conclusion—no sexual assault occurred. Ms. Roberts, both in answers to interrogatories and in her deposition testified that there was only one incident about which she complains. That incident was described by her as the insertion of a rectal suppository from which she experienced pain. For clarification, we will set out question 1 and the answer thereto in interrogatories propounded to Ms. Roberts.

1. State each and every specific item of contact or attempted contact, physical or otherwise, upon the plaintiff by

Jody Maddry which occurred on March 12, 1994, which forms the factual basis for your allegation that you were "sexually assaulted."

ANSWER: He walked into my room and shut the door and closed the blinds. He said I have a suppository for you. I asked what for and he said the nurse said to give it to me. I asked for my female nurse and he said I am a registered nurse and can give you the suppository. He came to the side of my bed and pushed me over to my left side and was holding my legs over to the left side. His finger went up my rectum. I felt no suppository and to the best of my knowledge no lubrication jell was used. All I could feel was pain. I was making sounds with my mouth and kicking my legs. He went out the door and then my sister came in with my brother.

In her deposition, Ms. Roberts affirmed that the answer given in the interrogatory was correct. There is no evidence in the record to suggest that the suppository was inappropriate treatment, improperly given contrary to orders or improperly administered. We are of the opinion that Ms. Robert's testimony, accepted as true, is insufficient as a matter of law to establish a sexual assault. We, therefore, find that the summary judgment entered in favor of the hospital and against Ms. Roberts was appropriate in all respects.

## THE WISDOM CASE

Unlike the Roberts case, the Wisdom case, without question, contains sufficient evidence to create a prima facie case of sexual assault by Maddry while Ms. Wisdom was a patient in the defendant hospital. While we have hereinbefore found that the hospital has no vicarious liability for an intentional tort such as sexual assault, it is still incumbent upon us to determine whether a summary judgment was warranted on the issues of direct negligence attributed to the hospital.

The summary judgment filed on behalf of the hospital stated as grounds therefor that there is no genuine issue of material fact and

the Hospital is entitled to judgment as a matter of law.

Quoting from the motion for summary judgment, the hospital asserts as follows:

... it is the position of Hospital that allegations against it arise from intentional and criminal conduct of its former employee, Jody Maddry, that the conduct as alleged is beyond the scope of employment of Jody Maddry as a registered nurse at Hospital, that the acts complained of were done intentionally by Jody Maddry, that there was no bodily injury resulting from the claimed acts of Jody Maddry, and that regardless of the myriad of allegations (negligence, medical malpractice, vicarious responsibility, etc.), the entire underlying claim is for intentional acts for which Hospital, as a governmental entity under Tennessee Code Annotated Sections 29–9–20–101, et seq., is not liable.

We have heretofore addressed the issue of vicarious liability and resolved the issue in favor of the hospital citing *Jenkins v. Loudon County,* supra. The motion for summary judgment, as can be seen, goes only to the underlying intentional acts of Maddry. The allegations that the hospital was guilty of independent negligence in failing to adequately investigate Maddry's background before his employment by the defendant; failure to report the incident as required by law, medical malpractice and failure follow their own internal policies are not addressed.

Further, with regard to these issues, the briefs filed on behalf of the respective parties do not cite us to either the asserted undisputed facts or disputed facts relating to independent allegations of negligence upon which they rely in support of or in opposition to the motion for summary judgment.[3]

█ It is not incumbent upon this Court to sift through the record in order to find proof to substantiate the positions of the parties. *See Redbud Coop. Corp. v. Clayton,* 700 S.W.2d 551, 557 (Tenn.App.1985); *First American Bank of Nashville v. Woods,* 734 S.W.2d 622, 626 (Tenn.App.1987). *See also Mabry v. Mabry,,* an unreported opinion of this court filed at Knoxville February 14,

---

3. The defendant in its brief does specifically set out ten statements of fact which are argued to be undisputed, assuming all the facts to be true,

they are insufficient to warrant a summary judgment in the defendant's favor.

1992. (1992 WL 24995, 1992 Tenn.App. Lexis 130). However, in order to seek to do justice and avoid further litigation expense, if possible, we have endeavored to search through the record to determine if there are disputed facts rendering summary judgment inappropriate or sufficient undisputed facts to entitle the defendant to a judgment as a matter of law.

■ After our search of the record, we are not persuaded that this is an appropriate case for summary judgment except on the issue of vicarious liability.

### COURT COSTS

■ The last issue presented by the appellants concerns the failure of the trial court to relieve the plaintiffs of the court costs below as indigent or poor persons. The appellants have cited us to no authority requiring the court to relieve a party from court costs because of indigency. While it is elementary that an indigent person may proceed without bond upon a finding by the court that the person is indigent, this is not to say that such an indigent person is relieved of his or her obligations to pay costs incurred in the prosecution of an action. In any event, the assessment of costs is in the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. The Supreme Court in *Lewis v. Bowers*, 216 Tenn. 414, 392 S.W.2d 819 (1965) pronounced the following rule:

> Concerning costs, we have previously held that since the taxation thereof is discretionary with the lower courts, we are unable to review their action except under very extraordinary circumstances. *State ex rel. Wilson v. Bush*, 141 Tenn. 229, 235, 208 S.W. 607 (1919). Thus, since costs of court are a discretionary matter for the court that tries the case to determine and reviewable here only for manifest abuse, it follows that we are not in a position in this case to consider the matter, there being no manifest abuse of discretion below.... Merely because this cause was brought under the pauper's oath does not render this an extraordinary matter.

*Lewis*, supra 392 S.W.2d at page 823.

*See also* T.R.C.P. Rule 54.04

We find no merit in this issue.

We affirm the judgment of the trial court in granting summary judgment in the Roberts Case. We affirm the judgment of the court on the issues relating to imposing sanctions for failure to admit the governmental status of the hospital and in refusing to compel discovery relating to the relationship of the hospital to other entities. In the Wisdom case, we affirm the judgment of the trial court sustaining the motion for summary judgment on the issue of vicarious liability. We reverse the judgment of the court, however, in granting summary judgment on the issues relating to independent negligence on the part of the hospital.

Costs are assessed equally between the plaintiffs and the defendant. This cause is remanded to the trial court for such other and further action as may be necessary.

SUSANO, J., and WILLIAM H. INMAN, Senior Judge, concur.