# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**June 22, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **LAMAR FLETCHER,** | ) | |
| | ) | |
| Claimant/Appellant | ) | Claims Commission No. 98000308 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 02A01-9803-BC-00076 |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Respondent/Appellee. | ) | |

### APPEAL FROM THE TENNESSEE CLAIMS COMMISSION
### WESTERN DIVISION

## THE HONORABLE MARTHA B. BRASFIELD, COMMISSIONER

For the Claimant/Appellant:

Lamar Fletcher, Pro Se
Henning, Tennessee

For the Respondent/Appellee:

John Knox Walkup
Michael E. Moore
Elena J. Xoinis
Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.J.

ALAN E. HIGHERS, J.

**OPINION**

This is an action for negligence. The claimant, an indigent inmate, filed suit against the State of Tennessee, alleging that the Tennessee Department of Corrections negligently withdrew funds from his inmate trust fund. The Tennessee Claims Commission granted summary judgment to the State of Tennessee. We affirm.

Inmate Lamar Fletcher ("Fletcher"), was housed at the State of Tennessee Cold Creek Correctional Facility at the time of the events at issue. On July 25, 1997, Fletcher received notice that on July 15, 1997 the Tennessee Department of Corrections had deducted $44.90 from his inmate trust fund account. When Fletcher inquired about the deduction, the accountant told him that the Chancery Court Clerk of Davidson County, Tennessee had issued a distress warrant for unpaid litigation taxes for the case of *Fletcher v. Board of Professional Responsibility*, No. 95-3637-III.[1]

Several days later, Fletcher filed a claim with the Tennessee Claims Commission ("Commission") against the State of Tennessee ("State"), seeking damages of $294.[2] He alleged that Department of Corrections employees were negligent in performing their duties because Fletcher, as an indigent, was not responsible for litigation taxes, and, in addition, that he should have been given advance notice of the withdrawal. The Claims Commission denied Fletcher's claim. Fletcher subsequently appealed the Commission's denial of his claim. The State responded with a motion to dismiss or for summary judgment for failure to state a claim on which relief can be granted. In the State's memorandum of law filed in support of its motion to dismiss, it argued that Fletcher failed to state a claim for negligence, which is required to prevail on a prisoner property loss claim. On March 12, 1998, the Commission granted summary judgment to the State and dismissed the action. The Commission found that Fletcher's indigence relieved him of court costs only and not the collection of the State litigation tax, which is a state tax rather than a court cost. The Commission determined that the Clerk and Master of the Chancery Court of Davidson County had the authority as the "local collector" to issue the distress warrant pursuant to Tennessee Code Annotated § 67-4-215 because of Fletcher's failure to pay the litigation tax. The Sheriff then had

---

[1]     Fletcher originally owed litigation taxes of $23.75. The court clerk then assessed a penalty of $5.94, interest of $3.21, and sheriff's fee of $12.90, bringing the total up to $44.90.

[2]     Fletcher sought damages of $294 based on his assertion that the missing funds caused him "not to be able to pay bills and make necessary purchases."

a duty to execute on Fletcher's trust account under Tennessee Code Annotated § 67-4-215(d). The Commissioner found that the Department of Corrections had a duty to satisfy the distress warrant and withdraw the money upon receipt. The Commissioner found no negligence on the part of the Department of Corrections. Several days later, the Commission granted Fletcher's motion to transfer the case from the small claims docket to the regular docket pursuant to Tennessee Code Annotated § 9-8-403.[3] Fletcher now appeals the Commission's grant of summary judgment in favor of the State.

On appeal, Fletcher contends that he is not liable for litigation taxes assessed in the prior action, because he proceeded *in forma pauperis* in that action. Second, Fletcher complains that the prison officials did not have the authority to withdraw the funds from his trust fund account. Finally, Fletcher asserts that he was not provided adequate notice pursuant to Tennessee Code Annotated § 67-4-215.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See id.*

The first issue on appeal is whether an indigent party is liable for litigation taxes levied under Tennessee Code Annotated § 67-4-602. Fletcher focuses on Tennessee Code Annotated § 20-12-

---

[3] Tennessee Code Annotated § 9-8-403 provides that the Claims Commission shall maintain two separate dockets, a small claims docket and a regular docket similar to those maintained by courts of record. "[D]ecisions . . . regarding claims on the regular docket may be appealed to the Tennessee court of appeals pursuant to the same rules of appellate procedure which govern interlocutory appeals and appeals from final judgments in trial court civil actions." Tenn. Code Ann. § 9-8-403(1) (Supp. 1998).

127(a), which provides that when a claimant files an oath of poverty, "[a]ny civil action may be commenced by a resident of this state without giving security as required by law for costs and without the payment of litigation taxes due . . . ." Tenn. Code Ann. § 20-12-127(a) (Supp. 1997). The State maintains that Fletcher ignores Tennessee Code Annotated § 20-12-127(b), which states, "The filing of a civil action without paying the costs or taxes or giving security for the costs or taxes does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court." Tenn. Code Ann. § 20-12-127(b) (Supp. 1997).

In *Roberts v. Blount Memorial Hospital*, 963 S.W.2d 744 (Tenn. App. 1997), the Tennessee Court of Appeals considered an argument similar to that put forth by Fletcher in this case. In *Roberts*, the appellants argued that the trial court should have relieved them of court costs because they were indigent. The Court responded,

> The appellants have cited us to no authority requiring the court to relieve a party from court costs because of indigency. While it is elementary that an indigent person may proceed without bond upon a finding by the court that the person is indigent, this is not to say that such an indigent person is relieved of his or her obligations to pay costs incurred in the prosecution of an action.

*Id.* at 749. Although the state litigation tax is not a court cost, the reasoning in *Roberts* is persuasive in this case. The filing of a pauper's oath under Tennessee Code Annotated § 20-12-127 merely delays payment of the costs and litigation taxes assessed to a plaintiff. Fletcher was allowed to commence his prior action without payment of the litigation tax because of his indigence, under Tennessee Code Annotated § 20-12-127(a). Fletcher is not, however, permanently relieved of his obligation to pay the litigation tax. The Claims Commission did not err in its determination that Fletcher owed the litigation tax.

Next we must consider whether the Tennessee Department of Corrections had the authority to withdraw Fletcher's funds from his inmate trust fund account in order to pay the distress warrant. The Commission found that the distress warrant was validly issued under Tennessee Code Annotated § 67-4-215. Therefore, the sheriff had a duty to execute on Fletcher's trust account under Tennessee Code Annotated § 67-4-215(d).[4]  The Commission also determined that the Department of

---

[4]    Section 67-4-215(d) reads in full:

(d) If any sheriff willfully fails, refuses or neglects to execute any distress warrant directed to the sheriff within the time provided in this part, the official bond of such sheriff shall be liable for the tax, penalty, interest, and cost due by the taxpayer, and, on complaint of any proper officer, this penalty shall be enforced by

Corrections was under a duty to satisfy the distress warrant and withdraw the money upon receipt of the warrant.

*Weddle v. Campbell*, No. 02A01-9503-CH-00052, 1995 WL 464216 (Tenn. App. Aug. 3, 1995), addressed the authority of the Department of Corrections to withdraw funds for litigation taxes from an inmate's trust fund account. The plaintiffs in **Weddle** were assessed court costs, litigation tax, criminal compensation fund tax, and fines upon conviction. The plaintiffs' wages were placed in inmate trust fund accounts, and the prison officials deducted up to fifty percent of the wages in satisfaction of the costs, fines, and taxes. The plaintiffs did not contest the authority of the prison officials to deduct the criminal compensation fund tax or litigation tax, but complained that the withdrawal of the court costs was not authorized and that the plaintiffs were not liable for the costs because they were indigent. The court found no statutory authority that would allow "earnings to be placed in trust and subjected to payment of costs. By contrast, T.C.A. § 67-4-603 provides for the collection by the commissioner of correction of the litigation privilege tax during the prisoner's period of confinement." *Id.* at **3.

Tennessee Code Annotated § 67-4-603 concerns the collection of privilege taxes, including the litigation privilege tax. It instructs that, after the clerk of the court certifies to the commissioner of correction that the prisoner has not paid the entire tax due, "[t]he commissioner . . . shall then cause any amount owing to be collected from the inmate during the inmate's period of confinement." Tenn. Code Ann. § 67-4-603(b)(1).[5] Based on the plain language of the statute, as well as the

---

the attorney general and reporter in any manner permitted by law.

Tenn. Code Ann. § 67-4-215(d) (1998).

[5]      The full language of Tennessee Code Annotated § 67-4-603(b)(1) reads:

(b)(1) When any defendant in a criminal action is liable to pay the applicable privilege tax, the clerk of the court shall certify to the commissioner of correction, the county sheriff or the board of workhouse commissioners, as applicable, whether payment of the tax has been made. Such certification shall be in such form as the commissioner, the county sheriff or the board of workhouse commissioners, as applicable, shall direct. The commissioner, the county sheriff, or the board of workhouse commissioners, as applicable, shall then cause any amount owing to be collected from the inmate during the inmate's period of confinement by the department or at the county jail or county workhouse, as applicable. The commissioner, the county sheriff and the board shall retain all records relating to amounts collected for the payment of the privilege tax on litigation for a period of four (4) years. Such records may be examined by the commissioner of revenue or the commissioner's delegate, pursuant to chapter 1, part 14 of this title.

Tenn. Code Ann. § 67-4-603(b)(1) (1998).

4

reasoning in **Weddle**, we conclude that the Department of Corrections had the authority to deduct the amount owed for litigation taxes from Fletcher's inmate trust fund upon receipt of the distress warrant.

We next consider Fletcher's contention that the Department of Corrections failed to give him ten days' notice before withdrawing money from his account, as required by Tennessee Code Annotated § 67-4-215. This code section reads, "(a) A local collector has the power to issue a distress warrant for taxes collectible by the local collector. (b) Prior to the issuance of a distress warrant, the local collector shall give not less than ten (10) days' written notice to the taxpayer . . .." Tenn. Code Ann. § 67-4-215(a)-(b) (1998). Under this statute, the entity that issues the distress warrant is the "local collector." Therefore, the "local collector" in this case was the Clerk and Master of Davidson County Chancery Court, rather than the Department of Corrections. The Clerk and Master was required to give Fletcher notice prior to the issuance of the distress warrant, rather than the Department of Corrections employees.

The record in this case does not reflect whether the Clerk and Master of Chancery Court of Davidson County sent Fletcher notice that a distress warrant would be issued. Unless the appellant provides us with a record that includes the necessary information, we must assume that the proceedings below support the decision of the trial court. *See Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. App. 1992). Therefore, we find this issue without merit.

In sum, we find that Fletcher was liable for the litigation taxes despite his indigent status. The Department of Corrections properly exercised its authority to withdraw the funds from Fletcher's inmate trust fund account, pursuant to Tennessee Code Annotated § 67-4-603. Finally, the Department of Corrections was not negligent in failing to give Fletcher notice because Fletcher cites no authority requiring the Department to give such notice. The Department of Corrections did not breach any duty it owed to Fletcher in withdrawing the funds from his inmate trust fund account. Therefore, the grant of summary judgment in favor of the State by the Claims Commissioner is affirmed.

The decision of the Claims Commissioner is affirmed. Costs are taxed to Appellant, for which execution may issue if necessary.

_____HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**