IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 15, 2001 Session

## TERRY S. HAHN v. THOMAS MARTIN HAHN, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 135908-1     Telford Forgety, Jr., Chancellor**

**FILED MARCH 13, 2001**

**No. E2000-00330-COA-R3-CV**

An intra-family business transaction which occurred nearly 30 years ago fomented this litigation involving an undisclosed interest in a hotel in Gatlinburg. The original parties are former spouses; the intervenors are their children. The complaint was dismissed on motion for summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which HERSCHEL PICKENS FRANKS, J, and D. MICHAEL SWINEY, J., joined.

John O. Threadgill, Knoxville, Tennessee, for appellant, Terry S. Hahn

Arthur G. Seymour, Jr. and James E. Wagner, Knoxville, Tennessee, for appellee, Thomas Martin Hahn.

Wayne Allen Ritchie, Knoxville, Tennessee, for intervening appellees, Mark Hahn, Margot Hahn Dunn and Scot Hahn.

### OPINION

#### I.  The Pleadings

The plaintiff alleged that in 1966 her father, Herbert Smullian, acquired a "substantial interest" in the Riverside Hotel which he gave to her before he died in 1970.

In 1973, the plaintiff alleged that she transferred an "income interest" in the Hotel to her children and "to evidence that transaction notes were prepared for each of the three children showing the plaintiff as custodian for those children."

She alleged that "some years thereafter" the defendant [her then husband] named himself as custodian for the children and took complete control of the Hotel including the income it generated.

The parties were divorced in 1986. Their property settlement agreement made no reference to the Hotel.[1] The plaintiff alleged that the defendant continued to control the Hotel and refused to provide the plaintiff or the parties' children an accounting of its income. She seeks to have (1) a resulting trust impressed, or (2) a constructive trust declared, (3) an accounting of the income generated by the Hotel, and (4) a recovery of all trust funds.

The defendant answered that from 1966 to 1972 he was a shareholder of Riverside Motor Lodge, Inc.; that in 1971 he gave one-sixth of his shares to each of his three children, Scott, DOB 1-3-62, Mark, DOB 9-21-63, and Margot, DOB 6-24-66, by transfer to Terrill Hahn, as custodian for each child, pursuant to the Uniform Gifts to Minor Act; that in 1972 he gave the remainder of his stock to his children.

The defendant denied that the plaintiff ever owned any interest in the Hotel which was the reason why the Property Settlement Agreement did not address the issue.

The defendant pleaded the bar of the applicable statue of limitation, laches, and estoppel, the latter defense being predicated on the allegation that the plaintiff at no time during the divorce proceedings in 1986 claimed any interest in the Hotel.

## II. The Intervenors

The children were allowed to intervene pursuant to Rule 24, Tenn. R. Civ. P. They alleged that each of them had reached majority, and that in the early 1970's they acquired the interest in Riverside Motor Lodge that is the subject of this litigation. Specifically, they alleged that their ownership interest was evidenced by transfers of corporate stock.

In 1973, their corporate shares were sold, the proceeds being represented by promissory notes payable to their custodian, since each was minor. They alleged that the interest income from the notes was at all times used for their purposes and benefit by their custodian.

The intervenors alleged that they have long since reached their majority and that they are the only individuals who have standing and the legal right to demand an accounting, and that they do not question, and have never questioned, the use or disposition of the proceeds of the notes. They further allege that their mother is attempting to re-litigate issues previously determined in the 1986 divorce action, and that her suit should be dismissed.

---

[1]Parenthetically, it should be noted that the Hotel, a corporation, was sold *in 1973* to Jerry Ogle. The plaintiff admits that she then had no record ownership interest in the Hotel, which explains why the Marital Dissolution Agreement and the divorce judgment, 13 years later, make no mention of the Hotel as an asset.

## III.

The plaintiff filed an amended complaint joining Morgan Keegan and Company, Inc. as a defendant. She alleged that this defendant [her former husband's employer] knew or should have known that the Riverside funds were held in trust for herself and"the Hahn children," and that her former spouse "diverted the funds to his own use, to his profit and to the profit of his employer."

## IV.

The plaintiff filed a motion for partial summary judgment alleging that the defendant, Thomas Hahn, breached his duty with regard to the proceeds from the sale of the Hotel, in that he utilized these funds for his own purposes.

She also filed a motion for summary judgment against the intervening plaintiffs [her children], alleging that they "have no standing to bring this suit because they have not asserted an interest in the present litigation and because they have no personal knowledge of any interest that they have in the present litigation."

## V.

The defendant, Thomas Hahn, filed a motion for summary judgment alleging that:

1) He acquired, with several other purchasers, an interest in the Riverside Hotel in 1966.

2) In 1973, the Hotel was sold to Jerry Ogle. At that time, the owners of the corporate stock were (1) Selma Smullian, (2) Terry S. Hahn as custodian for Scott, Mark, and Margot Hahn; (3) W. E. Burnett, (4) Alan Stalcup, (5) Harold Diftler.

3) The plaintiff had no interest in the Hotel.

## VI.

The intervenors filed a motion for summary judgment, alleging that they are the real parties in interest and are the sole owners of the property [the promissory notes] which is the subject of this litigation. They allege that while the plaintiff [their mother] claims to have been given an interest in the Hotel by her father, she has no documentation of such a gift.

These intervenors further allege that the Deed of Trust executed by the purchaser on February 9, 1973 to secure payment of the deferred purchase price makes no reference of the plaintiff having an ownership interest, and the property settlement agreement executed by the plaintiff and her husband in 1986 makes no reference to any ownership interest in the Hotel.

They further allege that the plaintiff's father, Herbert Smullian, bequeathed his ownership interest in the Hotel to his widow, Selma Smullian, who bequeathed that interest to the intervenors.[2]

They attained their majority in 1980, 1981, and 1984, respectively.

They plead the bar of the applicable Statute of Limitations; they announce their satisfaction with the management of the property by their father.

## VII.  The Judgment Rendered on September 21, 1999

1.    The motions of the plaintiff for summary judgment against the defendant and the intervening plaintiffs were denied.

2.    The motion of the intervening plaintiffs for summary judgment was granted.  The motion of the defendant for summary judgment was granted.

## VIII.  The Issues

The plaintiff/appellant, hereafter plaintiff, propounds six (6) issues for review, three of which are directed to the grant of summary judgment, and will be discussed generally.  The remaining issues involve discovery and procedural matters.

## IX.  Analysis

The thrust of the plaintiff's argument flows from her insistence that her father gave her an unknown number of corporate shares in the Riverside Hotel, Inc. at some unknown time before his death in 1970.  So far as the record reveals, no stock certificates were issued or transferred to the plaintiff; no minute entry was made on the books of the corporation about the purported gift; no documentation of any kind was prepared or executed.  The plaintiff does not know the number of the shares her father purportedly gave to her.

The Hotel was sold [there were seven stockholders] on February 9, 1973 to Jerry Ogle. Seven promissory notes were executed, with identical terms, to each of the seven owners.  A Deed of Trust was executed to secure the payment of these notes.  The intervenors were minors in 1973 and their notes were payable to the plaintiff as Custodian under the Uniform Gift to Minors Act. Each note provided for payment of interest only for 12 years, followed by payments of principal and interest beginning in July 1985.

---

[2] This allegation is contrary to the assertion of the defendant, Hahn, that he owned these shares which he gave to his children in 1971 and 1972.

It is not disputed that none of these notes, and none of the sales documents, makes any reference to Terry S. Hahn as a seller, owner, beneficiary or obligee of any interest in the Riverside. It is not disputed that the plaintiff produced no documentation of any kind to support her insistence that her father gave her a portion of his corporate stock in Riverside. It is further not disputed that after the sale of the Hotel in 1973, the plaintiff received checks from the Hotel corporation made payable to her as custodian of her children, whom she knew had been given the corporate shares. It is not disputed that the documentation of the sale of the Hotel to Jerry Ogle in 1970 reveals that the only members of the Hahn family who had an ownership interest in the Hotel as of February 9, 1973 were Selma Smullian and the intervenors. The plaintiff was not mentioned.

By 1985, the intervenors had obtained their majority. In 1986, the plaintiff and defendant, Thomas Hahn, were divorced. As already noted, their Marital Dissolution Agreement contains no reference whatever to the Hotel. Significantly, the Marital Dissolution Agreement provides:

> Husband and wife expressly certify that they have entered into the Agreement upon mutual consideration and with a full disclosure of the assets of the parties. Consent to the execution of this Settlement Agreement has not been obtained by duress, fraud, or influence of any person.

The Hahn children were 38, 37, and 34 years old, respectively, when this complaint was filed. The record reflects that they intervened in this action to declare their satisfaction with the management of their funds by their father, and to persuade the court of their belief that only they have standing to question or challenge the management of their money. They are supportive of the argument that the complaint filed against their father is an effort on the part of their mother to re-litigate issues previously determined in the 1986 divorce action.

The Chancellor ruled that the notes in question, executed in 1973, "were 24 years old by the time this lawsuit was filed, far beyond any statute of limitation." We agree. Any delimiting statute would have expired more than 20 years ago. See, Tennessee Code Annotated § 48-2-122: Tennessee Code Annotated § 28-3-109. To escape the bar of any delimiting statute of limitations the plaintiff argues that she did not discover her cause of action until 1997. The facts admitted by the plaintiff do not support this argument. The Hotel was sold in 1973 and the notes were payable to the plaintiff as custodian for her children. Further, in 1988 she was aware that payments on the notes were being made to her former husband as Custodian of their children.

## X.

While we believe any theory of action is clearly time-barred, it is appropriate to note that the plaintiff claims to have received an interest in the Hotel from her father. There is no documentation evidencing any transfer of ownership, and the plaintiff admits that she does not know what interest her father owned in the Hotel. She also admits that she does not know the number of shares allegedly given to her. This testimony falls far short of satisfying the recognized rule that to

constitute a completed gift the intent of the donor must be shown and the intention must be accompanied by delivery. *Arnoult v. Griffin*, 490 S.W.2d 701 (Tenn. 1972); *Victory v. Victory*, 399 S.W.2d 332 (Tenn. App. 1965). While we are not, *per se*, concerned with the validity of a gift, the relevance of the plaintiff's alleged ownership of a specific number of shares of the incorporated Hotel seems obvious.

## XI.

The plaintiff argues that summary judgment was inappropriate because she was not accorded an adequate time for discovery. Her complaint was filed October 3, 1997. On February 26, 1999, an Order was entered that included a discovery cut off as of May 15, 1999. The plaintiff's motion seeking additional time for discovery was filed on June 23, 1999. Neither her motion nor the attached affidavit identifies any witness to be deposed and upon the hearing of the motion for summary judgment the issue of additional time for discovery was not mentioned. Discovery matters are discretionary, and we cannot find the Chancellor abused his discretion in denying the request for additional time. *Roberts v. Blount Memorial Hospital*, 963 S.W.2d 744 (Ct. App. 1997).

## XII.

Moreover, the plaintiff has no standing whatever to maintain this action, however obliquely, on behalf of her *sui juris* children. When the plaintiff and defendant were divorced in 1986, each child was more than eighteen years of age and each had the untrammelled legal right to control the disposition of the proceeds of the promissory note payable to him/her. This issue is not briefed. We allude to it because of its obviousness and will not further notice it.

## XIII.

The plaintiff next argues that the court erred (1) when it declined to strike the defendants late-filed answers to her request for admissions, and (2) in setting aside a default judgment, and (3) in declining to enlarge the time within which to conduct discovery. These are all matters involving discretion. With regard to the late-filed answers to the plaintiff's request for admissions, the Chancellor conducted a hearing on the issue, and there is no transcript of this hearing. We must assume the sufficiency of the evidence on the point. *Sherrod v. Wix,* 849 S.W.2d 780 (Tenn. App. 1992).

A default judgment was entered on a discovery sanction, which the Chancellor set aside, on motion and hearing. There is no transcript of this hearing, and we must assume the sufficiency of the evidence on the point. *Sherrod v. Wix, supra.* In any event, the Chancellor's discretion will not be disturbed on appeal unless abuse of discretion is clearly shown. *Yearwood, Johnson v. Foxland Development Venture*, 828 S.W.2d 412 (Tenn. App. 1992). We find no abuse of discretion.

## XIV.

The plaintiff complains of the action of the Chancellor in ordering her to remit $17,368.01 to her children.

The promissory notes were executed by Riverside Motor Lodge, Inc. In 1998, this obligor was importuned to pay the installments directly to the plaintiff, apparently upon the representation that she would receive these funds as custodian, notwithstanding that her children were then more than 30 years old.

The plaintiff deposited these funds to her personal account, failed to remit any portion thereof to her children and made no accounting. She nevertheless concedes that she retained these funds as a fiduciary. No satisfactory reason is advanced to justify her retention of the funds owned by her children and the point need not be further labored.

The judgment is affirmed at the costs of the appellant.

_____
WILLIAM H. INMAN, SENIOR JUDGE