**YEARWOOD, JOHNSON, STANTON & CRABTREE, INC., Plaintiffs/Appellees,**

v.

**FOXLAND DEVELOPMENT VENTURE, Kerry Plencner, individually, and d/b/a Foxland Development Venture, and Robert Krilich, Defendants/Appellants.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 6, 1991.

Permission to Appeal Denied by Supreme Court March 23, 1992.

Larry H. Snedeker, James W. Price, Jr., Nashville, for defendants/appellants.

Richard Lodge, Paul G. Jennings, Bass, Berry & Sims, Nashville, for plaintiffs/appellees.

## OPINION

CANTRELL, Judge.

This is an appeal of the chancellor's refusal to set aside a default judgment he granted when the defendants failed to obey the court's order to get new counsel and comply with discovery. We affirm the judgment of the court below.

Yearwood, Johnson, Stanton & Crabtree, Inc. filed an action to collect the fees due for architectural services on a development project. In the defendants' answer, filed on January 20, 1988, the thrust of the defense was that the fees were not yet due because the project had not been suspended or abandoned nor had the developer made the first draw on the construction loan.

On July 2, 1990, the plaintiff filed an amended complaint. On July 27, 1990, counsel for the defendants moved the court to be allowed to withdraw. The court entered an order on August 27, 1990 allowing counsel to withdraw but also ordering the defendants (1) to get replacement counsel by September 20, 1990, and (2) to respond to outstanding discovery requests by October 8, 1990.

On October 15, 1990, the plaintiff filed a motion for sanctions asking the court to strike the prior answer and grant the plaintiff a default judgment. The motion bore a certificate saying a copy had been sent to all parties. It was received on October 16 by at least one of them.

The record does not indicate any action taken by the defendants. There are two nearly identical orders in the record granting the plaintiff's motion. One, entered on October 23, 1990, strikes the defendants' answer and grants judgment to the plaintiff against all defendants. The other, entered on November 5, 1990, strikes the answer of only one of the defendants but again grants a judgment against all of the defendants, jointly and severally.

On November 20, 1990, the defendants, through new counsel, filed a motion to set aside the default judgment. Although the motion stated that defendants had a good defense to the complaint, the defendants did not file an answer showing what the defense was. Neither did the motion include any response to the court's previous order concerning the discovery requests. In January of 1991, the defendants filed the affidavit of their new counsel stating the facts under which he became employed and his efforts to get the judgments set aside, but the affidavit still did not state a defense to the amended complaint.

The trial judge refused to set the judgment aside.

■ The propriety of the judge's action depends, in part, on whether he was correct in granting the default in the first place. We think he was—on two separate grounds. First, Rule 37.02(C), Tenn.R.Civ. P., authorizes a trial judge to enter a de-

fault judgment for the defendant's failure to comply with discovery orders. Second, the defendants did not get new counsel within the time allowed and did not answer the plaintiff's amended complaint.

Whether to set aside a default judgment lies within the sound discretion of the trial judge. *Moore v. Palmer*, 675 S.W.2d 192 (Tenn.App.1984). One requirement to get a default judgment set aside— almost invariably applied—is for the defendant to show it has a meritorious defense. *Patterson v. Rockwell International*, 665 S.W.2d 96 (Tenn.1984). In fact, granting the motion to set aside without requiring a showing of a meritorious defense has been called an abuse of discretion. *Id.*

While the defendants argue that their defense to the amended complaint might have been inferred from the original answer, it does not necessarily follow that facts which may have constituted a defense in 1988 still existed in 1990. In addition the defendants never complied with the court's order concerning the discovery request.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Sumner County for any further proceedings necessary. Tax the costs on appeal to the appellants.

TODD, P.J., and LEWIS, J., concur.