FILED

September 12, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:50 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Carrie K. Lightfoot | ) Docket No. 2015-01-0233 |
| | ) |
| v. | ) State File No. 72875-2014 |
| | ) |
| Xerox Business Services, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed - Filed September 12, 2016

---

The employee has appealed the trial court's dismissal of her claim, contending that a dismissal with prejudice for failure to prosecute and failure to comply with the court's orders was unwarranted. Following a show cause hearing, the trial court dismissed the case with prejudice after the employee and her attorney failed to appear at a hearing and failed to take actions as directed by the trial court. The primary issue on appeal is whether the trial court abused its discretion in dismissing the case with prejudice. Having carefully reviewed the record, we find no abuse of discretion, affirm the trial court's decision, and certify the trial court's order of dismissal as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board, in which Judge David F. Hensley joined. Judge Timothy W. Conner dissented.

Arthur C. Grisham, Chattanooga, Tennessee, for the employee-appellant, Carrie Lightfoot

Fredrick R. Baker, Cookeville, Tennessee, for the employer-appellee, Xerox Business Services

### Factual and Procedural Background

Carrie Lightfoot ("Employee") alleges suffering injuries arising out of and occurring in the course and scope of her employment with Xerox Business Services ("Employer"). Employee, who worked as an imaging technician scanning x-rays, claims

1

that on September 12, 2014, she fell out of a chair as she was reaching for an x-ray that "kind of flew" as she removed it from an envelope. Employee testified that her chair flipped her over and rolled on top of her, injuring her back. She claims she was unable to get up from the floor for several minutes and that she later suffered a stroke due to pain from the alleged work injury. Employer denied the claim and submitted the affidavits of three individuals working near Employee when she purportedly fell that contradicted her allegations. No medical records were introduced at an expedited hearing held on December 16, 2015, and none appear in the record on appeal.

Employee filed a petition for benefit determination seeking medical and temporary and permanent disability benefits. Although the petition reflects the name of the attorney representing her, Arthur C. Grisham, Employee, with the help of an unidentified third party, completed and filed the petition without the assistance of her lawyer. Employer filed a petition of its own seeking to conduct discovery. Following unsuccessful mediation efforts, a dispute certification notice was filed reflecting multiple disputed issues and affirmative defenses. On that same date, Employee filed a request for expedited hearing asking the trial court to conduct an evidentiary hearing. This document also appears to have been filed by Employee herself, as it does not reflect her attorney's name or signature.

At the expedited hearing, which had been rescheduled from an earlier date at Employee's request, Employee testified that she was unaware of what supporting documents, if any, had been submitted with her petition for benefit determination. She believed, however, that all necessary documentation had been provided. Employer had submitted written discovery to Employee prior to the expedited hearing but had received no response. Employee's attorney explained at the expedited hearing that he had experienced problems with his office email system and, thus, was unaware of any outstanding discovery.

During Employer's cross-examination of Employee, Employee became upset and had difficulty answering questions. After a recess, Employee's attorney informed the trial court that he had concerns about his client's competency. Consequently, he asked to withdraw the request for expedited hearing and continue the matter until he could have Employee evaluated by a mental health professional. The request was granted and the parties were ordered to reconvene for a status conference on February 18, 2016.

At the February 18, 2016 status conference, Employee's attorney represented to the court that he had suffered from a medical condition that, notwithstanding the passage of approximately two months, had precluded his inquiry into Employee's competency. The trial court entered an order on February 26, 2016, again resetting the matter for a status conference on March 14, 2016. The trial court instructed Employee to be prepared to inform the court of the results of her mental evaluation and whether she wished to nonsuit her claim or request a hearing. The court also advised Employee that the court

2

would establish a deadline for requesting a hearing if no such request was filed in the interim.

On March 15, 2016, the trial court entered an order reflecting that neither Employee nor her attorney attended the March 14 status conference. After the March 14 hearing began, the trial court sent an email to Employee's attorney and attempted to reach him by phone. Despite the court's efforts, Employee and her lawyer "failed to appear." In its order, the trial court stated:

> To date, three months have passed since the continuance of the expedited hearing held on December 16, 2016. This matter cannot continue to sit on the docket without moving forward. Accordingly, the Court grants [Employee] until **Monday, March 28, 2016**, to file either a Request for Expedited Hearing or a Request for an Initial (Scheduling) Hearing in her claim. Alternatively, [Employee] may wish to file a Notice of Non-Suit. **If [Employee] does not take one of the aforementioned actions, the Court will dismiss her claim with prejudice for failure to timely prosecute.**

(Emphasis in original.) Employee failed to comply with these instructions and, on April 7, 2016, the trial court notified the parties that a show cause hearing would be held on April 20, 2016. The show cause order reminded the parties that the court had previously informed them that the case would be dismissed with prejudice if no action was taken. The parties participated in the show cause hearing, though no transcript of this hearing has been provided.

On April 26, 2016, Employee's attorney filed a motion asking that the case be set for a hearing on the merits. The motion noted that, at the show cause hearing on April 20, 2016, Employee had expressed dissatisfaction with counsel's services and that he offered to withdraw to allow her to seek alternative representation. The motion also reflected that the trial court gave counsel until April 25, 2016, to file a request to withdraw. On that date, however, counsel discovered Employee had filed a complaint against him with the Board of Professional Responsibility due to his expressed intent to withdraw from her case and, therefore, he would continue to represent her. With respect to the failure to comply with the trial court's March 15, 2016 order, Employee's attorney explained that, when the order was issued, he was attending a funeral out of town and suffered allergies that affected his ability to see and required eye drops to relieve his symptoms. He acknowledged he had received the email containing the trial court's order, had not opened it on account of his allergies, and that it was inadvertently overlooked.

In response to Employee's motion to set the case for another hearing, Employer argued that the case should be dismissed with prejudice. Employer noted that Employee had not filed any documentation with her petition to support her claim and had not undergone a mental evaluation, which was the sole reason the December 16, 2015

3

hearing had been terminated. Employer asserted that Employee failed to take advantage of opportunities to move her case forward and had failed to comply with orders of the court. Employer further asserted that a hearing had already occurred on December 16, 2015, where Employee was given an opportunity to present her case but elected to stop the hearing during cross-examination when the questions became difficult and she became upset. Employer argued "there was no reason for the court to grant her another opportunity," especially after being warned that the case would be dismissed with prejudice if she did not take action.

On May 3, 2016, the trial court entered an order dismissing Employee's claim with prejudice. The trial court observed that no action had been taken on the claim for more than four months, despite Employee's request that the expedited hearing be continued to obtain an evaluation of her mental state and despite the trial court having entered orders instructing Employee to take specific action by a specific date. Although Employee had expressed dissatisfaction with her attorney, the trial court's order reflects Employee made clear that she did not want her attorney to withdraw. The trial court also noted that Employee's attorney had provided contradictory explanations for his failure to take the actions prescribed by the court.

Thereafter, Employee, acting on her own, filed a notice of appeal asserting as the basis for her appeal the fault of her attorney in handling her case.[1] Employee's attorney subsequently filed a notice indicating his intent to continue representing Employee, and also filed a motion requesting an extension of time within which to file a brief, which was granted. Prior to the brief being filed, however, Employee filed a brief without the assistance of her attorney. Thereafter, Employee's attorney filed a separate brief. Employee then requested that the document she filed be considered her brief on appeal because, according to Employee, her lawyer's brief was inaccurate. Employer likewise filed a request for an extension of time, asserting that it had to prepare a response to two briefs rather than one. That request was also granted. Against this unusual backdrop, oral argument was conducted on August 31, 2016.[2]

## Standard of Review

A dismissal for failure to prosecute is reviewed on appeal under an abuse of discretion standard of review. *Fischer v. Sverdrup Tech., Inc.*, No. M2010-01095-WC-

---

[1] As with other filings in this case, such as the petition for benefit determination and the request for expedited hearing, Employee filed this appeal without the assistance of her attorney. On June 16, 2016, Mr. Grisham notified the Appeals Board that he was representing Employee on appeal, just as he had throughout the proceedings in the trial court.

[2] Oral argument was conducted at Belmont University College of Law in Nashville. The Appeals Board extends its appreciation to the law school for allowing us to use its facilities, and also to the attorneys in this case for their helpful presentations.

R3-WC, 2011 Tenn. LEXIS 574, at \*5 (Tenn. Workers' Comp. Panel June 7, 2011). It is well-established that this standard prohibits an appellate court from substituting its judgment for that of the trial court, and the appellate court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

Moreover, in reviewing a trial court's exercise of discretion, we presume the trial court's decision is correct and review the evidence in a light most favorable to upholding the decision. *Lovlace v. Copley*, 418 S.W.3d 1, 16-17 (Tenn. 2013). Also, "we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *Johnson v. Walmart*, No. 2014-06-0069, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at \*17 (Tenn. Workers' Comp. App. Bd. July 2, 2015). That said, discretionary decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

### Analysis

As noted above, Employee, acting pro se although represented by an attorney, filed a notice of appeal in which she described the basis for her appeal as follows:

> I was misrepresented by my attorney Art Grisham. He did not inform me of any of my court dates nor did he submit any of the documents needed to support my case. I provided Mr. Grisham with all of my medical records and I am willing to do what is necessary to support my case. Mr. Grisham has a pattern of noncompliance with my case that is documented in a May 3, 2016 [order issued] by Judge Audrey A. Headrick. I have since filed a complaint with [t]he Board of Professional Responsibility because of his negligence.

Employee subsequently filed an addendum to her notice of appeal disputing the trial court's finding that she had failed to file supporting documents establishing her entitlement to benefits. According to Employee, she provided her medical records to MetLife Insurance Company[3] and had hand delivered unidentified documents to the Tennessee Bureau of Workers' Compensation. While the precise issue she seeks to raise on appeal is unclear, the issue raised by her attorney is whether the trial court abused its discretion in dismissing the case with prejudice.

---

[3] There is no indication in the record that MetLife Insurance Company is Employer's workers' compensation insurance carrier, and it is unclear what, if any, connection that insurer has with this claim. Thus, for purposes of this appeal, it is of no consequence that Employee may have submitted her medical records to that company.

*Brief and other documents filed by Employee acting pro se*

As a preliminary matter, we observe that Employee has, on multiple occasions, taken action in this case without the advice or assistance of her attorney. For example, she filed the petition for benefit determination, the request for expedited hearing, and the notice of appeal herself. In addition, she filed a brief on appeal, despite being represented by counsel, and requested that her brief be considered the "brief on file," essentially asserting that the brief filed by her attorney be disregarded.[4] Employee subsequently submitted more than two hundred pages of documents on appeal, again on her own. She filed these pleadings and documents while continuing to insist that her attorney represent her.

Consistent with established principles, we have not considered the brief Employee filed on her own. Nor have we considered the voluminous documents she submitted while this appeal was pending. As to Employee's brief, we note that courts "routinely refuse to consider materials filed pro se by represented parties" because litigants "may plead and conduct their own cases personally or by counsel . . . but not both." *United States v. Rohner*, 634 Fed. Appx. 495, 505 (6th Cir. 2015). As explained by one court, "[a] court has no obligation to recognize any pro se filings or arguments made by a party if the party was represented by counsel at the time the filings or arguments were made. When a party is represented by counsel, courts are only bound to recognize filings submitted by the party's attorney. Consequently, such pro se filings may be treated as if they are not properly before the court." *In re Pertuset*, No. 12-8014, 2012 Bankr. LEXIS 5792, at *23-24 (6th Cir. Dec. 18, 2012) (citations omitted).

A party engaged in litigation may choose to proceed with or without representation. However, a party "cannot logically waive or assert both rights. The [litigant] must make a choice, and he should not be permitted to manipulate his choice so that he can claim reversible error on appeal no matter which alternative he apparently chose in the [trial court]." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970). If the rule were otherwise, conflicts and disagreements as to how to best proceed would be "almost inevitable." *United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987). This case is a prime example of that very concern. Moreover, an opposing party may incur unnecessary time and expense, just as Employer in this case was put in the untenable position of having to respond to multiple, competing briefs from the same side of the case making different assertions.

Here, Employee elected to proceed in the trial court and on appeal with representation, insisting that her attorney continue to represent her even when he

---

[4] Employee's two-page brief cites no authority and does not address how the trial court purportedly erred in dismissing her case.

attempted to withdraw. As such, she cannot simultaneously represent herself. Therefore, we have disregarded the brief she filed acting pro se while being represented by counsel.

We have also disregarded the numerous documents Employee submitted on appeal because none of these documents were presented to the trial court. "Evaluating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, "we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id.*

### *Dismissal with prejudice*

Employee argues, via her attorney, that the trial court erred in dismissing the case with prejudice. Specifically, Employee asserts that "[n]o case should be dismissed with prejudice by the Court, *sua sponte*, except after a trial on the merits or . . . [if,] after the close of the plaintiff's proof, the defendant moves for dismissal on the grounds that upon the facts and the law the plaintiff has shown no right to relief." Employer responds that dismissal of the case with prejudice was appropriate because Employee not only failed to prosecute her claim but also failed to comply with the trial court's orders. Employer also argues that Employee had an opportunity to present evidence at the expedited hearing and thus was not deprived of her day in court as she now claims.

### A.

Tennessee Rule of Civil Procedure 41.02 governs involuntary dismissals. Specifically, Rule 41.02(1) provides that a case may be dismissed "[f]or failure . . . to prosecute or to comply with these rules or any order of court." Thus, under the rule, a trial court is authorized to dismiss a claim for (1) failure to prosecute, (2) failure to comply with the rules of civil procedure, or (3) failure to comply with an order of the court. Significantly, such a dismissal operates as an adjudication of the case on its merits. Tenn. R. Civ. P. 41.02(3).

Employee asserts that the trial court lacked the authority to dismiss the case apart from a motion to dismiss or after a trial. Although Rule 41.02(1) references that "a defendant may move for dismissal," the Tennessee Supreme Court has held that "a trial court may under certain circumstances and upon adequate grounds therefor, *sua sponte* order the involuntary dismissal of an action." *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978). Thus, Employee's contention that the trial court lacked the authority to dismiss the case *sua sponte* has no merit. In any event, Employer, in its

response to Employee's motion to set the case for a second hearing, *did* assert that the case should be dismissed.

## B.

Having decided that the trial court had the authority to dismiss the case, we turn to whether the court abused its discretion in doing so. It is fundamental that a trial court has the discretion to control litigation before it through the use of case supervision and docket management. *See, e.g.*, *Sissom v. Bridgestone/Firestone, Inc.*, No. M2011-00363-WC-R3-WC, 2012 Tenn. LEXIS 411, at *3 n.2 (Tenn. Workers' Comp. Panel June 20, 2012) ("trial judges have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases"); *Lewis v. Dana Holding Corp.*, No. W2010-01863-WC-R3-WC, 2011 Tenn. LEXIS 461, at *9 (Tenn. Workers' Comp. Panel June 6, 2011) ("A trial court has broad discretion in managing its courtroom and docket."). However, as explained more fully below, such discretion, while necessary, is not without limits. *Valladares v. Transco Prods., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016).

Here, the hearing conducted on December 16, 2015, had already been postponed from a previous setting at Employee's request. Although Employee had no difficulty answering detailed questions on direct-examination at the December 16 hearing, the issue of her competency was raised by her attorney during Employer's cross-examination, after Employee's case-in-chief, and Employee moved to withdraw her request for a hearing pending a mental health evaluation, which the trial court granted. However, she was never evaluated, despite the trial court granting two additional extensions for this purpose. At one point, the trial court specifically instructed Employee to be prepared to inform the court of the results of her mental health evaluation and to elect whether she wished to nonsuit her claim or request a hearing. Employee did neither. The trial court again instructed Employee to move the case forward by taking specific actions by a specific date and made clear that the case would be dismissed with prejudice if she failed to heed the court's orders. Despite that unambiguous warning, Employee again failed to comply with the court's directives. In fact, despite the trial court *again* reminding the parties that the court had previously informed them the case would be dismissed with prejudice unless specific steps were taken, no action was taken prior to the show cause hearing. Given these circumstances, we have no difficulty concluding that the trial court acted within its discretion in dismissing the case.

## C.

The more difficult aspect of this appeal concerns whether the dismissal should have been with prejudice, thereby operating as an adjudication of the claim on its merits.

*See* Tenn. R. Civ. P. 41.02(3).  Regarding such dismissals, the Tennessee Supreme Court has observed:

> A dismissal for failure to prosecute is analogous to a default judgment. When a defendant fails to answer a complaint, the plaintiff may obtain a default judgment without a hearing on the merits.  When a plaintiff fails to prosecute the case, the defendant may receive a judgment of dismissal without a hearing on the merits.  Both dismissals and default judgments are drastic sanctions.  Neither dismissals nor default judgments are favored by the courts.  Dismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits.

*Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003) (citations omitted).  There is no bright-line rule that establishes when a dismissal with prejudice pursuant to Tennessee Rule of Civil Procedure 41.02(1) is justified.  In determining whether a case should be dismissed for failure to prosecute, the trial judge may "inspect the entire procedural history of the case before deciding whether to dismiss it for want of prosecution.  Each case, of course, must be evaluated within its own procedural context."  *Sheaffer v. Warehouse Employees Union*, 408 F.2d 204, 206 (D.C. Cir. 1969) (citations omitted).  As observed by one court, "dismissal for failure to prosecute is a fact-specific inquiry."  *Grooms & Co. Constr., Inc. v. United States*, No. 13-426 C, 2015 U.S. Claims LEXIS 1483, at *17 (Fed. Cl. Nov. 10, 2015).

In this case, the trial court summarized its rationale for dismissing the case with prejudice as follows:

> Regardless of whether any of the foregoing reasons proffered by [Employee's attorney] from February 2016 forward had any indicia of truth, the pattern demonstrated shows that: (1) [Employee's attorney] was not prepared for the February 2016 hearing; (2) [Employee's attorney] did not attend the March 14, 2016 hearing; (3) [Employee's attorney] did not open the email containing the Court's March 15, 2016 Order; (4) [Employee's attorney] did not comply with the March 15, 2016 Order; and, (5) [Employee's attorney] was not prepared for the show cause hearing on April 20, 2016.  Additionally, as of the issuance of this Order, neither [Employee's attorney] nor [Employee] filed medical records in support of [Employee's] claim.  An evaluation regarding [Employee's] competency never occurred.

While the issue is close, we cannot conclude that, based on the circumstances presented, a dismissal with prejudice amounts to an abuse of discretion.  First, no argument has been made challenging any of the trial court's multiple and specific

9

findings as to why the case was being dismissed with prejudice, either singularly or as a whole. At most, Employee's attorney offered various explanations for failing to comply with the March 15, 2016 order in particular. These include not receiving the order due to office email problems, receiving the email containing the order but not opening it due to allergies affecting his ability to see, attending a funeral out of town, and inadvertently overlooking the email containing the order. The trial court characterized these excuses as contradictory and questioned their veracity.

Second, as noted above, Employee was never evaluated, despite the trial court granting multiple extensions for this purpose. After one extension, the trial court specifically instructed Employee to be prepared to inform the court of the results of her evaluation and whether she wished to nonsuit her claim or request a hearing. When these instructions were ignored, the trial court again instructed Employee to move the case forward by taking specific actions by a certain date. The trial court made it clear the case would be dismissed with prejudice if she failed to do so. Despite that warning, these instructions were also ignored. Clearly, failing to abide by a court's order is no small matter. *See Nashville Corp. v. United Steelworkers of Am.*, 215 S.W.2d 818, 821 (Tenn. 1948) ("The mandates of a [c]ourt . . . must in all cases be obeyed . . . promptly, faithfully and without question, or evasion."). Indeed, an involuntary dismissal can result from the failure to comply with a court's order standing alone. *See* Tenn. R. Civ. P. 41.02(1) (a case may be dismissed "[f]or failure . . . to prosecute *or* to comply with these rules *or* any order of court.") (emphasis added).

As noted above, we must presume the trial court's decision is correct and review the record in a light most favorable to upholding the decision. *Lovlace*, 418 S.W.3d at 16-17. Having done so, we believe the trial court acted within its discretion in dismissing the case with prejudice though, admittedly, we may have settled upon a less drastic alternative had we been the trial judge. But we are not, and we will not substitute our judgment for that of the judge whose directives were ignored when, as here, the trial court's actions are within an acceptable range of alternatives. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) ("The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal," reflecting "an awareness that the decision being reviewed involved a choice among several acceptable alternatives."); *Johnson*, 2015 TN Wrk. Comp. App. Bd. LEXIS 18, at *17.

The fact that Employee has at times expressed dissatisfaction with her attorney, both in the trial court and on appeal, does not alter our analysis. When engaged in legal proceedings, parties must either choose to represent themselves or be represented by an attorney, but not both. *State ex rel. Gann v. Henderson*, 425 S.W.2d 616, 619-20 (Tenn. 1968). As stated by the Tennessee Supreme Court, a party "cannot take the benefits of counsel's services if they win and then reject the services if they lose." *Id.*; *see also Conder*, 423 F.2d at 908 ("The [litigant] must make a choice, and he should not be

10

permitted to manipulate his choice so that he can claim reversible error on appeal no matter which alternative he apparently chose in the [trial court].").  Here, Employee was free to discharge her attorney and elected not to do so.  In fact, she actively resisted his efforts to withdraw, even to the point of filing an ethical complaint against him because he offered to withdraw.  Having voluntarily chosen her representative and insisting that he remain so, she cannot now avoid the consequences of that choice.  "Any other notion would be wholly inconsistent with our system of representative litigation."  *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962).  Indeed, if the rule were otherwise, a party could retain counsel, continue to use counsel's services despite perceived shortcomings, and then blame an adverse result on the lawyer when asking that the case start anew.  Such gamesmanship is untenable.

We are also mindful that courts should not dismiss claims with prejudice when the fault for failing to prosecute the claim lies solely with the attorney.  *See, e.g.*, *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("Dismissal is usually inappropriate where the neglect is solely the fault of the attorney."); *Lowry v. Tenn. Dep't of Children's Servs.*, No. M2006-02418-COA-R3-CV, 2007 Tenn. App. LEXIS 775, at *13 (Tenn. Ct. App. Dec. 17, 2007) (observing that a litigant should not be denied access to the courts due merely to his or her former lawyer's lack of diligence).  However, this is not such a case.  Employee has been an active participant in these proceedings from the outset, going so far as to filing multiple pleadings and other documents without the advice and assistance of her lawyer.  Moreover, she has repeatedly expressed dissatisfaction with her attorney, yet continues to insist that he remain her agent.  By her own admission, Employee is aware of her attorney's purported failure to comply with statutory and regulatory requirements and with orders of the trial court but she has determined not to discharge him as her attorney.  To the contrary, she has insisted that he not withdraw.

Furthermore, Employee has not been denied access to the courts and has not been prevented from presenting her case.  Rather, she had the opportunity to present evidence at the hearing on December 16, 2015 and, in fact, did so, even to the point of concluding her case-in-chief.  This is not a case where a litigant has been "denied access to the courts due merely to his or her former lawyer's lack of diligence."  *Lowry*, 2007 Tenn. App. LEXIS 775, at *13.

Finally, although we have upheld the trial court's action in this case, we hasten to add that the dismissal of a claim with prejudice is a "drastic" action given the law's preference for resolving disputes on their merits.  *Henry*, 104 S.W.3d at 481; *Henley v. Cobb*, 916 S.W.2d 915, 916 (Tenn. 1996).  The law is clear that "this power must be exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired," and "occasions for the proper exercise of this power are considered by this Court to be few indeed."  *Harris*, 574 S.W.2d at 731.  Consequently, a dismissal with prejudice should not be ordered as a matter of course.  *See Johnson v. Wade*, No. W1999-01651-COA-R3-CV, 2000 Tenn. App. LEXIS 609, at

*8 (Tenn. Ct. App. Sept. 6, 2000) (observing that dismissal for failure to prosecute is a "harsh" sanction and "must be exercised most sparingly and with great care").[5]

## Conclusion

For the foregoing reasons, we conclude that the trial court acted within its discretion in dismissing the case with prejudice. Accordingly, the trial court's decision is affirmed. The court's order of May 3, 2016 is certified as final.

Marshall L. Davidson, III
**Marshall L. Davidson, III**
**Presiding Judge**
**Workers' Compensation Appeals Board**

---

[5] The dissent points out that (1) dismissals with prejudice should be ordered infrequently, (2) that the actions of an attorney should, under appropriate circumstances, be considered independently of the party who that attorney represents, and (3) "speed for the sake of speed" should not drive the analysis. We could not agree more with each of these assertions. As explained above, however, this case is not about a mere delay of nearly five months. If it were, we would likely find an abuse of discretion and reverse the dismissal with prejudice. Instead, we are presented with a situation where Employee has not offered any meaningful challenge to any of the multiple, specific findings as to why the case was dismissed with prejudice, has not been denied access to the courts or prevented from presenting her case, has been actively involved in these proceedings from the outset, and has insisted throughout that the lawyer she now blames remain her chosen representative. Given these particular circumstances, we cannot conclude that the trial court's dismissal with prejudice falls outside an acceptable range of alternatives such that it amounts to an abuse of discretion.



**FILED**

**September 12, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:50 A.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Carrie K. Lightfoot | ) Docket No. 2015-01-0233 |
| | ) |
| v. | ) State File No. 72875-2014 |
| | ) |
| Xerox Business Services | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

**Dissent – Filed September 12, 2016**

---

Conner, J., dissenting.

While I agree with my colleagues that the actions of Employee and her attorney in failing to timely respond to orders of the trial court merited some type of sanction, I respectfully disagree that the trial court was within its discretion to dismiss Employee's case *with prejudice*.

It is well settled that Tennessee courts disfavor dismissals with prejudice pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. "The power to dismiss a party's claims is best exercised infrequently and only when the punishment fits the offense." *Langois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009). "Trial courts should exercise restraint when dismissing a party's claims because 'the interests of justice are best served when lawsuits are resolved on their merits after trial.'" *Id.* (quoting *Orten v. Orten*, 185 S.W.3d 825, 836 (Tenn. Ct. App. 2005) (Lee, J. dissenting)). Furthermore, "[d]ismissals based on procedural grounds like failure to prosecute . . . run counter to the judicial system's general objective of disposing of cases on the merits." *Henry v. Goins*, 104 S.W.3d 475, 481 (Tenn. 2003). "[I]t is the general rule that courts are reluctant to give effect to rules of procedure . . . which prevent a litigant from having a claim adjudicated upon its merits." *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991). Therefore, this harsh sanction "must be exercised most sparingly and with great care." *Johnson v. Wade*, No. W1999-01651-COA-R3-CV, 2000 Tenn. App. LEXIS 609, at *8 (Tenn. Ct. App. Sept. 6, 2000).

1

In *Lowry v. Tenn. Dep't of Children's Servs.*, No. M2006-02418-COA-R3-CV, 2007 Tenn. App. LEXIS 775 (Tenn. Ct. App. Dec. 17, 2007), a long-term state employee was terminated by the Tennessee Department of Children's Services and the termination was upheld by an administrative law judge. *Id.* at *4. The employee then filed a writ of certiorari for judicial review in Shelby County Chancery Court. *Id.* at *5. The case was transferred to Davidson County Chancery Court, where the Chancellor entered an order requiring the plaintiff to set the matter for final hearing before a certain date, warning the employee that "[i]f an order setting the matter for final hearing is not entered prior to March 16, 2006, the case shall be dismissed without prejudice." *Id.* at *5-6. After the case was set for a final hearing, the employee's attorney moved for continuances twice, both of which were denied. *Id.* at *6-7. The employee's attorney failed to file a pre-trial brief as required by local rule. *Id.* at *7. The day before the hearing, the employee's attorney filed a "Motion of Petitioner to Discharge Counsel and of Counsel to Withdraw." The motion was granted but the hearing was not continued. *Id.*

The next morning, the employee, who elected to represent herself, called the court to inform them that she was running twenty minutes late. *Id.* at *8. Forty minutes after the hearing had been scheduled to start, the court called the case and, upon receiving no response, dismissed the case with prejudice for failure to prosecute pursuant to Rule 41.02(1). *Id.* Later that day, in a hand-written letter requesting that the Court reinstate the case, Employee alleged she had arrived at the courthouse only to find that court had been temporarily moved to a different location and that her previous attorney instructed her to go to the wrong location. *Id.* at *10. She alleged she arrived at the courtroom fifty minutes late only to find it empty. *Id.* The court denied her request. *Id.* at *11.

On appeal, the Tennessee Court of Appeals reversed the trial court's dismissal with prejudice, finding the result too harsh:

> [W]e do not believe that the circumstances justify the harsh sanction of denying this party her day in court. . . . Lowry's attorney failed to submit a trial brief as required by local rules of court, but *we do not believe that this pro se litigant should be denied access to the court system due to her former attorney's lack of diligence.* While courts do have the power to dismiss a case sua sponte for failure to prosecute, we do not believe that this case poses a situation of *such extreme neglect* as to justify such a result. . . . In sum, we believe that the trial court applied an extreme measure in dismissing this case with prejudice for failure to prosecute.

*Id.* at *13-14 (emphasis added) (citations omitted). Thus, *Lowry* illustrates, among other principles, two important points. First, the actions of an attorney can and should, under appropriate circumstances, be considered independently of the party who that attorney represents, and sanctions should be issued accordingly. Second, a dismissal with prejudice for failure to prosecute should occur only in cases of "extreme neglect."

The appellee in the present case relies on precedent which described much more extreme cases of neglect and failure to prosecute than existed here. *See, e.g., Hanna v. Gaylord Entertainment Co.*, M2004-00413-WC-R3-CV, 2006 Tenn. LEXIS 247 (Tenn. Workers' Comp. Panel Mar. 29, 2006) (almost four years elapsed between date claim commenced and date case was dismissed); *Fischer v. Sverdrup Tech., Inc.*, No. M2010-01095-WC-R3-WC, 2011 Tenn. LEXIS 574 (Tenn. Workers' Comp. Panel 2011) (more than six years elapsed between the filing of the complaint and the dismissal). In this case, approximately four-and-a-half months elapsed between the date of the aborted expedited hearing and the date the trial court dismissed Employee's claim with prejudice, thereby denying Employee the opportunity to have her claim adjudicated at a full hearing on the merits. During that four-and-a-half month period, Employee and/or her attorney failed to timely respond to two orders of the court but, following the final status conference, arguably complied with the court's order and moved to set the case for trial. While such conduct is not to be condoned, I disagree that it constituted "such extreme neglect" that a dismissal with prejudice was within the range of acceptable alternatives for the trial court's consideration.

Finally, while I agree with the appellee that one goal of the 2013 Workers' Compensation Reform Act was to emphasize timeliness and prompt resolution of claims, speed for the sake of speed is not an appropriate goal. Instead, trial courts must carefully balance the need for prompt resolution of a case with the right of an employee to have his or her claim adjudicated on the merits. In my opinion, the sanction imposed by the trial court and affirmed by the majority opinion was simply too harsh and constituted an abuse of discretion under the circumstances presented.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

3



**FILED**

**September 12, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:50 A.M.**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carrie K. Lightfoot | ) | Docket No. 2015-01-0233 |
| | ) | |
| v. | ) | |
| | ) | State File No. 72875 2014 |
| Xerox Business Services, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of September, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Art Grisham | | | | | X | agrisham@grishambell.com |
| Fred Baker | | | | | X | fbaker@wimberlylawson.com |
| Audrey A. Headrick, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov